THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RANDOLPH NIXON, Defendant-Appellant.

Fourth District   No. 4—92—0542

Opinion filed February 25, 1993.

Daniel D. Yuhas and David P. Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In March 1992, defendant, Randolph Nixon, pleaded guilty to two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, par. 12—16(d)) in exchange for the State's dismissing a charge of criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—13(a)(1)) involving the same victim. The parties' plea agreement imposed no restrictions upon the sentences the court could impose except that they would not be consecutive sentences.

In April 1992, after the trial court conducted a sentencing hearing, it sentenced defendant to 6½ years in prison on each conviction and directed those sentences to be served concurrently. The court also ordered defendant to pay restitution in the sum of $14,632.64 "within two years of [defendant's] discharge from the Department of Corrections." Defendant later filed a motion to reduce his sentence, which the trial court denied. On appeal, defend-

ant's sole argument is that the trial court erred when it established a restitution payment schedule that could extend beyond five years. We agree and remand this case to the trial court with directions to amend its order of restitution.

Section 5—5—6 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6) governs orders of restitution. In pertinent part, that section reads as follows:

"[T]he court shall *at the sentence hearing* determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense. If the court determines that an order directing the offender to make restitution is appropriate the offender may be sentenced to make restitution which shall be determined by the Court as hereinafter set forth:

\* \* \*

(f) Taking into consideration the ability of the defendant to pay, *the court* shall determine whether restitution shall be paid in a single payment or in installments, and *shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f).

This appeal requires us to construe the directive within section 5—5—6(f) of the Code that the court "shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f).) The question is, five years *from when?* Defendant argues that the answer is five years from the sentencing hearing at which the court imposes the restitution order. The State argues that any definitive five-year period, such as the five-year period after defendant's release from the Department of Corrections, would meet the five-year requirement. We agree with defendant's interpretation. By so holding, we reaffirm the decision of this court in *People v. Fisher* (1989), 186 Ill. App. 3d 255, 266, 542 N.E.2d 1127, 1134, where we held that the trial court's restitution order was erroneous because the court ordered defendant to pay restitution within two years after his release from his 15-year prison sentence.

In reaching this conclusion, we note that the introductory paragraph of section 5—5—6 of the Code speaks of the trial court's determining *at the sentencing hearing* whether to impose an order of restitution. If the court determines at that hearing to do so, then the court must make the terms of that order conform to the requirements of paragraphs (a) through (n) of that section, which fol-

low the introductory paragraph. Section 5—5—6(f) of the Code contains the directive that the order of restitution shall be for "a period of time not in excess of 5 years." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f).) Thus, the only definitive point in time discussed in section 5—5—6 of the Code to which paragraph (f) could be referring as the starting point (from which the order of restitution's five-year period is to be measured) is the sentencing hearing referred to in the introductory paragraph of section 5—5—6 of the Code.

Defendant correctly asserts that the restitution order in this case will almost certainly extend beyond five years from his sentencing hearing. Defendant points out that even if he avoids losing *any* good conduct credits under section 3—6—3(c) of the Code—a dicey proposition at best—he will still have to serve approximately three years and three months on his 6½ year prison sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—6—3(c).) Thus, he argues that the court's order of restitution, requiring him to pay the restitution within two years of his release from prison, will effectively extend the period in which to pay restitution beyond the five-year period from the date on which the court entered the restitution order.

The State cites *People v. Chapin* (1992), 233 Ill. App. 3d 28, 35, 597 N.E.2d 1250, 1255, in support of its argument that any definitive five-year period suffices under section 5—5—6(f) of the Code. In *Chapin*, the Third District Appellate Court addressed a situation in which the trial court sentenced defendant to five years in prison and also ordered him to pay several thousand dollars in restitution "within the term of [defendant's] mandatory supervised release." (*Chapin*, 233 Ill. App. 3d at 35, 597 N.E.2d at 1255.) The defendant in *Chapin* presented the same argument as defendant in the present case—that the appellate court must vacate the order of restitution because that order required defendant to pay restitution beyond the five-year period required by section 5—5—6(f) of the Code. The court in *Chapin* responded as follows:

> "Initially, we note that while the court did not define a payment schedule as called for in [section 5—5—6(f) of the Code], the order called for payment to be made within a definite time following the defendant's release from prison. Given the fact that it would be impossible to determine what the defendant would be earning, or how often he would be paid at that future time, the court's order was reasonable. [Citation.]

Furthermore, we do not read the above-cited statute as requiring restitution to be made within five years of the date of the restitution order. Instead, we interpret it to mean that payment must be made within a five-year period. See *People v. Lambert* (1990), 195 Ill. App. 3d 314, 552 N.E.2d 300." *Chapin*, 233 Ill. App. 3d at 35, 597 N.E.2d at 1255.

We respectfully disagree with the third district's interpretation of section 5—5—6(f) of the Code and adhere to our earlier decision on this point in *Fisher*. If the *Chapin* court were correct, when a defendant receives a lengthy prison sentence coupled with an order to pay restitution after defendant's release from prison, the restitution order might not become effective for decades. Although, as a matter of policy, we do not believe such a result either unreasonable or inherently unwise, we conclude that the legislature did not intend this result when it enacted section 5—5—6(f) of the Code. If the legislature wishes to achieve such a result, it should amend section 5—5—6(f) of the Code to clarify its intent.

As a last matter, we note that this court wrote the *Lambert* decision, which the Third District Appellate Court in *Chapin* cited as authority for its holding that an order of restitution may go beyond five years from the date of the sentencing hearing. We have reviewed *Lambert*, we adhere to its holdings, and we find no support therein for the conclusion the third district reached in *Chapin*.

For the reasons stated, we remand to the trial court with directions to amend its order of restitution in accordance with section 5—5—6(f) of the Code and the views expressed herein.

Affirmed and remanded with directions.

KNECHT and LUND, JJ., concur.