(No. 75156

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GEORGE BROOKS, Appellant.

*Opinion filed February 17, 1994.—Modified on denial of rehearing April 4, 1994.*

Charles M. Schiedel, Deputy Defender, and John J. Hanlon, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Gary L. Spencer, State's Attorney, of Morrison (Norbert J. Goetten, John X. Breslin and Gary F. Gni-

dovec, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

On April 25, 1991, defendant, George Brooks, was arrested, charged with armed robbery and confined to the Whiteside County jail, pending trial on that charge. In May 1991, during a bond reduction hearing, the circuit court of Whiteside County found defendant in contempt of court for misrepresenting his juvenile record and sentenced him to 90 days in the county jail. Defendant served the 90-day sentence contemporaneous with his pretrial incarceration in the county jail on the armed robbery charge. Following a jury trial in the circuit court, defendant was convicted of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a)), sentenced to 10 years' imprisonment in the Illinois Department of Corrections (Department) plus three years' mandatory supervised release and ordered to pay $2,767.93 in restitution within two years of his release from prison (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f)). The circuit court additionally ordered that defendant receive sentence credit for "actual days served in the Whiteside County Jail." From the time of his arrest until transfer to the Department on September 26, 1991, defendant was continuously confined in the Whiteside County jail for a period of 155 days.

Defendant appealed, *inter alia*, the order of restitution. Defendant also requested that the cause be remanded to the trial court for an amendment of the mittimus, for sentence credit purposes, to show the *number* of actual days defendant served in the county jail. The appellate court affirmed the order of restitution, vacated the mittimus and remanded the cause to the trial court for a determination of the appropriate

number of sentence credit days and a conforming amendment of the mittimus (241 Ill. App. 3d 84). We granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 315 (134 Ill. 2d R. 315). We now affirm in part and reverse in part.

## ISSUES

Defendant raises two issues: (1) whether the order of restitution, requiring payment within two years of his release from prison, after serving a 10-year prison term, complied with the five-year time limit proviso of section 5—5—6(f) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f)); and (2) whether the State has waived the argument, upon remand, that defendant is not entitled to 90 days of sentence credit for time served in the county jail on the separate sentence for contempt.

I

*Five-Year Time Period for Payment of Restitution*

Defendant argues that the restitution order failed to comply with section 5—5—6(f) of the Code, which provides in pertinent part:

"Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, *and shall fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full*." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f).

Defendant argues that the statutory five-year time period necessarily begins at the time an order of restitution is entered. According to defendant, other parts of the restitution statute (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6) and public policy considerations reveal the legislature's intent that the time period begin at sentencing. The State insists, however, that the pro-

viso in section 5—5—6(f) only requires that payment of restitution be made within a definitive five-year period which may begin at sentencing or after a defendant's release from prison. Appellate court decisions interpreting section 5—5—6(f) are split in their views on the subject. Compare *People v. Nixon* (1993), 241 Ill. App. 3d 272 (five-year period commences at time of sentencing hearing); *People v. Place* (1992), 238 Ill. App. 3d 1035 (implying five-year period commences at sentencing); *People v. Lewis* (1992), 228 Ill. App. 3d 654 (restitution order providing for payment after defendant's release from 18-year prison term violates section 5—5—6(f)); *People v. Fisher* (1989), 186 Ill. App. 3d 255 (restitution order providing for payment within two years after defendant's release from 15-year prison term failed to comply with time limit of section 5—5—6(f)); with *People v. Chapin* (1992), 233 Ill. App. 3d 28 (statutory five-year time period of section 5—5—6(f) need not commence on date of restitution order).

The primary rule of statutory construction is to give effect to the true intent of the legislature. (See *People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.) And the language of a statute is the best indication of the legislative drafters' intent. Where the drafters' intent can be ascertained from the statutory language, it must be given effect without resort to other aids for construction. (See *People v. Bryant* (1989), 128 Ill. 2d 448, 455.) Furthermore, when ascertaining legislative intent, rules of statutory construction require that the entire statute be considered. (See *People v. Bratcher* (1976), 63 Ill. 2d 534, 543.) As regards penal statutes, they are to be strictly construed in favor of an accused without, however, defeating the legislative intent. See *Bratcher*, 63 Ill. 2d at 543.

Relying on these principles, defendant directs our attention to the introductory paragraph of section 5—5—6, which provides in pertinent part:

"[T]he court shall *at the sentence hearing* determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense. If the court determines that an order directing the offender to make restitution is appropriate the offender may be sentenced to make restitution which *shall be determined by the Court as hereinafter set forth.*" (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6.)

Defendant interprets this paragraph as requiring a trial judge to make a determination as to restitution *at the sentencing hearing* and then to make the terms of that order conform to the remaining paragraphs, including the five-year time period in paragraph (f). (See also *Nixon*, 241 Ill. App. 3d at 274 ("the only definitive point in time *** to which paragraph (f) could be referring as the starting point (from which the order of restitution's five-year period is to be measured) is the sentencing hearing referred to in the introductory paragraph of section 5—5—6").) Thus, defendant argues, the five-year time period would have to begin at sentencing.

We are not persuaded that this conclusion necessarily follows. That the trial court makes restitution determinations at sentencing is only logical; under our criminal statutes, restitution is a sentence and a part of the sentencing scheme. It does not follow, however, that, because restitution determinations are made at sentencing under section 5—5—6, the five-year time period for restitution necessarily begins at that time, also. We do not interpret the phrase "shall be determined by the Court as heretofore set forth" to be a temporal qualification of the statutory terms which follow.

The State also relies on the introductory paragraph of section 5—5—6. The State points to language which allows for payment of restitution in *all* criminal cases. The State claims that accepting defendant's interpretation of section 5—5—6(f) means that restitution would be effectively excluded for offenses carrying sentences of

10 years or more (Class I or Class X felonies, murders, and Class III felonies and more serious offenses under extended term sentencing). Thus, according to the State, restitution would only then be applicable to a small number of felonies and misdemeanors, which result could not have been intended by the legislature. Defendant suggests, however, that defendants sentenced to lengthy terms, and thus unemployed, could satisfy an order of restitution by other means, for instance, the seizure and sale of property (section 5—5—6(b)), application of the balance of any cash bond (section 5—5—6(e)), or enforcement of a restitution judgment lien (sections 5—5—6(m),(n)). Defendant points out, also, the futility in enforcing that percentage of restitution orders anyway, because those persons will likely have no greater ability to pay restitution following their release from prison.

We believe the legislature was well aware of the economic realities imprisoned persons generally face. Such persons also do not generally have available sufficient alternative means to satisfy restitution. Considering that fact, it would make little sense for the legislature to specifically allow restitution in all criminal cases, yet confine payment of restitution to a time period during which the vast majority of defendants could not reasonably make payment. By allowing restitution in all criminal cases, the legislature must have intended that restitution be satisfiable in as wide a range of circumstances as might be possible, that is, both during and after imprisonment.

Defendant also points to the proviso in paragraph (f) that a trial judge must "tak[e] into consideration the ability of the defendant to pay." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f); see *People v. Sams* (1992), 238 Ill. App. 3d 825, 829 (although trial court need not consider defendant's ability to pay when making restitution de-

termination, court must consider defendant's ability to pay when making determination of the method and time of payment).) He contends that a trial judge can only realistically make the ability to pay determination at the time of sentencing if there is some "reasonable and definite" period of time for the judge to view. He claims further that, in the case of nonincarcerated defendants, there is no reason why a trial judge should attempt to make this determination for any period of time in the future, and that, in the case of defendants sentenced to lengthy prison terms, the trial judge would be hard-pressed to reasonably determine their post-incarceration ability to pay. Defendant points out that he would be, two years after his release, twice as old as when he entered prison, with a felony record and prison back-ground, with virtually no preincarceration employment history and in possession of uncertain educational and employment skills. He contends that under such cir-cumstances, a trial judge cannot make any reasonable determination of a defendant's "time and method" ability to pay restitution. See *People v. Hayes* (1988), 173 Ill. App. 3d 1043, 1053 (defendant's ability to pay considered in determining method and time of payment of restitution).

We fully agree with the State. In determining a defendant's ability to pay, under section 5—5—6(f), a trial judge will always be viewing a defined and bounded period of time, whether that period commences immedi-ately after sentencing or in the future. Also, defendant's expressed concerns regarding nonincarcerated defen-dants appear unfounded because, in such cases, there would be few reasons for a trial judge not to order restitution beginning at sentencing. Section 5—5—6(f) simply provides a trial judge with the flexibility to determine when the period shall commence; the time-period proviso does not preclude a period of restitution

from beginning at sentencing. With respect to defendants sentenced to lengthy prison terms, the fact of a term of imprisonment is simply one factor for a trial judge to consider when assessing a defendant's postincarceration ability to pay for purposes of fashioning terms of the restitution order. In some such cases, an order of restitution may well prove to be inappropriate. We note parenthetically, however, defendant does not argue that his restitution sentence is inappropriate on this score. In sum, we believe the "ability to pay" proviso does not indicate the limitation of the five-year period of restitution to a time period immediately following sentencing.

Both the State and defendant urge our consideration of section 5—5—6(g) in determining the legislative intent underlying the time-period proviso. Paragraph (g) provides in pertinent part:

> "The court shall, after determining that the defendant has the ability to pay, require the defendant to pay for the victim's counseling services if:
>
> * * *
>
> [t]he payments shall be made by the defendant to the clerk of the circuit court and transmitted by the clerk to the appropriate person or agency as directed by the court. *The order may require such payments to be made for a period not to exceed 5 years after sentencing.*" (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(g).)

The State asserts that if the legislature had intended for the five-year period in section 5—5—6(f) to begin at sentencing, it would have employed language identical to that used in the last sentence of section 5—5—6(g). According to the State, the plain language of section 5—5—6(f) thus reveals the legislature intended only that full payment of restitution be made within any designated five-year period. There is no rule of construction authorizing a court to declare that the legislature did not mean what the plain language of the statute says. See *Bryant*, 128 Ill. 2d at 455.

Defendant, however, contends that when the legislature added paragraph (g) (Pub. Act 85—1194, eff. August 19, 1988) to the restitution statute, the intent was to clarify that all restitution responsibilities under the statute were to necessarily begin on the date of sentencing. According to defendant, there would be little sense in establishing two different five-year periods during which a defendant could have restitution responsibilities. According to defendant, the legislature likely did not similarly amend section 5—5—6(f) because of legislative oversight, a phenomenon recognized by this court (see *People v. Chandler* (1989), 129 Ill. 2d 233; *People v. Parker* (1988), 123 Ill. 2d 204) or because section 5—5—6(f) was already sufficiently clear that the five-year period commenced at sentencing.

We again agree with the State's view of the statute's language. If the legislature had intended that the five-year period commence after sentencing, the legislature could have employed language like that found in paragraph (g). The failure to similarly amend paragraph (f) would seem to indicate more that section 5—5—6(f) was considered clear, than that the legislature simply overlooked the problem.

We conclude that the plain language of the restitution provision indicates that the five-year time period proviso of section 5—5—6(f) need not commence at sentencing. While it is unnecessary to go beyond that language to ascertain the legislature's intent, we note that the legislature has recently amended sections 5—5—6(f) and (g). (Pub. Act 88—237, eff. January 1, 1994.) Effective January 1, 1994, paragraph (f) shall provide in pertinent part:

"Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years, *not including periods of incarceration,* within which payment of restitu-

tion is to be paid in full." (Emphasis added.) (Pub. Act 88—237, eff. January 1, 1994, amending 730 ILCS 5/5—5—6(f) (West 1992).)

Paragraph (g) shall provide in pertinent part:

"The order may require such payments to be made for a period not to exceed 5 years after sentencing, *not including periods of incarceration.*" (Emphasis added.) (Pub. Act 88—237, eff. January 1, 1994, amending 730 ILCS 5/5—5—6(g) (West 1992).)

In all other respects, section 5—5—6 was not amended.

"Although an amendment generally is presumed to change the law, if an amendment to an ambiguous statute is enacted soon after there were controversies as to the interpretation of the statute it amends, the amendment may be construed as a legislative interpretation of the original statute." (*Santiago v. Kusper* (1990), 133 Ill. 2d 318, 329; see also *People v. Rink* (1983), 97 Ill. 2d 533, 540-41.) While we do not find section 5—5—6 to be ambiguous, an amendment to a statute may be, nonetheless, indicative of legislative intent. See *People v. Rink* (1983), 97 Ill. 2d 533, 540-41.

The amendment to section 5—5—6 appears to be directly in response to the *Nixon, Place, Fisher* and *Chapin* decisions. Indeed, in concluding that the legislature did not intend for the limited period of restitution to begin following a defendant's release from prison, the court stated in *Nixon* that "[i]f the legislature wishes to achieve such a result, it should amend section 5—5—6(f) of the Code to clarify its intent." (*Nixon,* 241 Ill. App. 3d at 275.) By inserting in paragraph (f) this particular language, the legislature has made clear that it originally intended that the five-year limited period of restitution might begin following a defendant's release from prison. This result must have been intended because, under section 5—5—6(f) as amended, an incarcerated defendant cannot accrue time in satisfaction of the limitation period. And to answer one of

defendant's arguments on this issue, the amendment of paragraph (g), on its face, results in greater consistency between the limitation period for restitution and the limitation period for payment of counseling services. Furthermore, neither period would now seem to necessarily begin at sentencing. In sum, this recent amendment confirms our view of the legislature's intent.

Regardless of the statute's language, defendant insists that public policy concerns mandate that the five-year period begin at sentencing. Defendant argues that a great burden would be placed on the criminal justice system to track and "make sense out of" restitution orders that might be decades old. Defendant further contends that restitution orders which are not effective until decades after their entry are inconsistent with our legal system's desire for a certain degree of finality of judgments.

While we have construed section 5—5—6(f) to allow the five-year time period to begin after a defendant is released from prison, we additionally perceive no threat to the orderly functioning of our legal system in allowing restitution orders which are operative after a defendant is released from a lengthy prison term. A restitution order is like any other sentencing order insofar as the clarity of its terms and any necessary recordkeeping are concerned. It will not be tremendously difficult for circuit clerks and prosecutors to implement such orders. With respect to any concerns for finality, we observe that restitution orders spanning the five-year limitation period which encompass a short prison term as well as a period after release are not any more final than orders which take effect following a defendant's release from a lengthy prison term. Both are effective after release, the only difference being the amount of time remaining in the five-year limitation period within which the order is to be effectuated. In sum,

the public policy concerns raised by defendant do not indicate that the five-year limitation period commences at sentencing.

We conclude that section 5—5—6(f) allows the five-year period of restitution to begin after a defendant is released from a lengthy prison term. Consequently, with respect to the case at bar, we find that the order of restitution requiring defendant to pay within two years of his release from prison, after serving a 10-year term, complied with section 5—5—6(f).

We do not consider at length an additional argument raised by defendant that the order was inappropriate for its failure to specify the method and manner of payment. (See *People v. Hamilton* (1990), 198 Ill. App. 3d 108, 115 (remanding where trial court failed to specify manner of payment and time period within which payment to be made).) The trial court's failure to define a specific payment schedule is understandable, given that defendant had yet to serve his term and the regularity and amount of his future income, if any, was unknown. (See *Chapin*, 233 Ill. App. 3d at 35, citing *People v. Whitfield* (1986), 146 Ill. App. 3d 322, 326.) Furthermore, it is appropriate to infer from the trial court's failure to specify a payment schedule that restitution is to be made in a single payment. (See *People v. Roby* (1988), 169 Ill. App. 3d 187, 193.) Under such circumstances, the order's lack of specificity is not unreasonable.

In conclusion, we find that the trial court's order that defendant pay $2,767.93 in restitution within two years of his release from prison was not an abuse of discretion. (See *People v. Perruquet* (1977), 68 Ill. 2d 149.) We affirm the order of restitution.

## II

*Waiver of Argument Opposing 90 Days' Sentence Credit*

The sentencing order stated that defendant was to receive credit for "actual days served in the Whiteside County jail." The mittimus which issued failed, however, to specify the exact number of days to be credited. On review by the appellate court, the parties and the court agreed that defendant had been held in the jail for 155 days and that a remand was necessary so that the mittimus could be amended to reflect the exact number of sentence credit days. The parties disputed, however, whether the defendant could receive sentence credit for the 90 days he had served for contempt. Finding that trial judges have the discretionary authority to grant or deny credit as justice requires under the circumstances, the appellate court remanded the matter to the trial court for "further proceedings to determine the appropriate number of days to be credited and to amend the mittimus accordingly." 241 Ill. App. 3d at 89.

Defendant contends the State waived its claim that defendant could not receive credit for the 90 days served for contempt by failing to assert the claim at trial. According to defendant, the appellate court, thus, erred in allowing the State the opportunity to raise the claim on remand. Defendant additionally claims that a denial of 90 days' sentence credit on remand would violate the prohibition against increasing a sentence after the sentencing hearing. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(c); *People v. Hills* (1980), 78 Ill. 2d 500.) The State responds that, because defendant did not request a calculation of the number of days at trial, the State had no reason to object or otherwise respond. Although neither party has raised this point, a careful review of the record reveals that the matter is moot.

The common law record contains three pages of docket sheets. The entry for May 3, 1991, with the Honorable John Donald O'Shea, presiding, shows that defendant was found in contempt of court and sentenced to 90 days in the Whiteside County jail. The entry for September 24, 1991, states that defendant was sentenced to "10 years DOC + costs" and ordered to pay $2,767.93 in restitution within two years of release. The entry for the next day, September 25, 1991, with the Honorable Robert W. Castendyck, presiding, states:

"Court conferred with Judge O'Shea, the sentence for contempt was vacated in view of this sentence to the DOC."

There is no other reference in the record of proceedings, or in other parts of the common law record, to the vacatur of defendant's 90-day sentence for contempt. We, therefore, accept the docket sheets to be a true accounting of events before the trial court. (See *People v. Fike* (1987), 117 Ill. 2d 49, 56 (common law record, including docket sheet, " 'imports verity and is presumed correct' ").) Notably also, the record shows no objection by either party to the vacatur of the contempt sentence (see *People v. Heil* (1978), 71 Ill. 2d 458) or to the trial court's exercise of jurisdiction in doing so (see *Ad-Ex, Inc. v. City of Chicago* (1990), 207 Ill. App. 3d 163, 179). Accordingly, we find that the trial court properly vacated defendant's 90-day sentence for contempt.

It is elemental that the vacatur of a sentence renders the sentence null and void and of no legal effect. Thus, there can remain no issue as to whether defendant can receive a sentence credit for the 90 days he served for contempt. As a result, the related issue as to whether the State has waived argument of this point is now moot.

Nonetheless, we agree with the appellate court and the parties that the cause should be remanded so that the mittimus can be amended to specify 155 days served by defendant in the county jail. For the sake of judicial

economy, however, because the trial court ordered that defendant was to receive sentence credit for actual days served in the county jail, and there is no dispute that defendant served 155 days, we grant defendant 155 days sentence credit. In doing so, we need not vacate the mittimus, as did the appellate court (241 Ill. App. 3d at 90) for defendant to receive the sentence credit to which he is entitled. To that limited extent, we reverse the appellate court and simply grant defendant 155 days sentence credit.

### CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part the judgment of the appellate court. We affirm the judgment of the circuit court.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*