THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH HARRIS, JR., Defendant-Appellant.

Third District No. 3—99—0507

Opinion filed March 15, 2001.

Carrie B. Marche, of State Appellate Defender's Office, of Ottawa, for appellant.

Paul Mangieri, State's Attorney, of Galesburg (John X. Breslin and John Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, Joseph Harris, Jr., was convicted of second degree murder and sentenced to 48 months of probation, 364 days of periodic imprisonment, 364 days of electronic home detention, 100 hours of community service, and restitution of $7,652.95. The defendant appeals the amount of restitution ordered. We affirm.

The record shows that the jury convicted the defendant of second degree murder for the shooting death of Malo Carson. At the defendant's sentencing hearing, the State entered into evidence bills for the victim's funeral and flowers in the amount of $5,669.01. Since the victim's family lived out of state, the State also entered a bill for airfare in the amount of $1,980. This bill was the cost of airfare for the victim's mother and four other people to fly from Oregon to Chicago. The State asked for restitution in the amount of $7,652.95, the total of the funeral, florist and airfare expenses.[1] Defendant had an opportunity to review these bills and made no objection to their admission. The judge then imposed sentence as noted above. The restitution was to be paid to the victim's mother by June 1, 2003. No posttrial or postsentencing motions were filed.

The defendant now asserts that $1,584 of the restitution was improperly ordered because that amount was airfare for individuals other than the victim's mother. The defendant contends that this portion of the order was void and thus subject to attack at any time because the applicable statute provides restitution to only one person when a crime victim is killed. The State responds that the issue has been waived by the defendant's failure to raise the issue at the sentencing hearing or in a postsentencing motion.

---

[1]The total $7,652.95 appears to be an error in addition because the total of the three bills entered into evidence is $7,649.01.

■ A sentence not authorized by statute is void. *People v. Pullen*, 192 Ill. 2d 36, 733 N.E.2d 1235 (2000). A void order can be attacked at any time. *People v. Galba*, 273 Ill. App. 3d 95, 652 N.E.2d 400 (1995). A sentence is voidable if it was entered because of a mistake of law or fact, and any such error can be waived. See *People v. Davis*, 156 Ill. 2d 149, 619 N.E.2d 750 (1993). A defendant who fails to object to an alleged error at the sentencing hearing or in a postsentencing motion waives any sentencing issues. *People v. Marlow*, 303 Ill. App. 3d 568, 708 N.E.2d 579 (1999). However, where plain error occurred, the appellate court may address an issue, if the issue would normally be considered waived. *People v. Fish*, 316 Ill. App. 3d 795, 737 N.E.2d 694 (2000).

■ The Unified Code of Corrections permits restitution to be ordered in the amount of the "actual out-of-pocket expenses *** suffered by the victim named in the charge and any other victims who may also have suffered out-of-pocket expenses *** by the same criminal conduct." 730 ILCS 5/5—5—6(b) (West 1998). To define the word "victim," the Unified Code of Corrections refers to the definition contained in the Rights of Crime Victims and Witnesses Act (725 ILCS 120/1 *et seq.* (West 1998)). Under this statute, in cases involving death, a "victim" is defined as a single representative of the person killed by an act of violent crime. 725 ILCS 120/3(a)(3) (West 1998).

We believe the two statutes must be read together. The Rights of Crime Victims and Witnesses Act is largely a notice statute. It creates several notification requirements that various state agencies must comply with. Within that context, it is reasonable that when the actual victim is deceased, the State should only be required to notify one person as the representative of the deceased's family. Similarly, a court must order restitution of expenses to one "victim" on behalf of all victims. Otherwise, the reference in the Unified Code of Corrections to "any other victims" is meaningless.

■ The courts have liberally construed the restitution section of the Unified Code of Corrections. In enacting this portion of that code, the legislature intended to make victims whole and to make defendants pay any costs incurred as a result of their actions. *People v. Strebin*, 209 Ill. App. 3d 1078, 568 N.E.2d 420 (1991).

In *Strebin*, the appellate court held that restitution for counseling for both the sexual assault victim and her family was fully consistent with the goals of the restitution portion of the Unified Code of Corrections, and broadly interpreted the term "victim" to include the victim's family. In the instant case, as a result of the defendant's action, the victim's family had to fly in from out of state to attend the funeral. This is an expense to the family that would not have occurred

but for the defendant's criminal act. We believe that where the actual victim is deceased, a broad definition of "victim" to include the decedent's family is necessary to effectuate the purpose of the statute. The judge had authority to issue the restitution order that he did, and thus the order is not void.

Since we find the order was not void, we now address the question of waiver. The sparse evidence in the record indicates that the entire airfare bill was paid by the victim's mother. The appellant bears the burden of providing a record that includes evidence of all alleged errors. *People v. Leon*, 306 Ill. App. 3d 707, 713 N.E.2d 1258 (1999). At sentencing and in the postsentencing motion, the defendant did not object to the airfare bill presented by the State. Based on the record before us, we cannot determine that the restitution order was improper. Absent a contrary indication in the record, it is assumed that the trial court sentenced the defendant in accordance with the law. *People v. Harris*, 314 Ill. App. 3d 409, 731 N.E.2d 928 (2000). Therefore, the defendant has waived the claim that he should not be made to pay for these plane tickets. As we have noted, the trial judge's order of restitution to pay for the tickets of more than one family member was fully consistent with the purpose of the restitution provision in the Unified Code of Corrections. There was no error that compels us to reverse the trial court's order.

The defendant also contends that the restitution order should be remanded so that a payment schedule can be determined. However, under the statute, a payment schedule is only required if the judge, after reviewing the defendant's ability to pay, concludes that a repayment schedule is necessary. 730 ILCS 5/5—5—6(g) (West 1998). Here, the judge's sentencing order states that the restitution payment must be made by June 1, 2003. The logical implication of this order is that the restitution amount is a lump-sum payment due on that date. Since there is nothing in the record to indicate otherwise, we must assume that the judge took all factors into consideration and determined a payment schedule was not necessary.

For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

HOMER, P.J., and HOLDRIDGE, J., concur.