**In re Joseph BOVA and Janet A. Bova, Debtors.**

**Joseph Bova, Appellant,**

**v.**

**St. Vincent DePaul Corp., Appellee.**

**BAP No. NH 01–075.**

United States Bankruptcy Appellate Panel of the First Circuit.

April 29, 2002.

Greenville Clark III, Gray, Wendell & Clark, P.C., Manchester, NH, on brief for Appellants.

Paul A. Rinden, Rinden Professional Association, Concord, NH, on brief for Appellee.

Before LAMOUTTE, CARLO, ROSENTHAL, U.S. Bankruptcy Appellate Panel Judges.

ROSENTHAL, Judge.

Before the Panel for determination is an appeal by the Debtor from an order of the Bankruptcy Court for the District of New Hampshire holding that a debt arising out of a criminal restitution order is nondischargeable under 11 U.S.C. § 1328(a)(3) of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code").

### JURISDICTION

■ The order before us is the bankruptcy court's final judgment in an adversary proceeding to determine the nondischargeability of a debt under the Code. The judgment resolves all issues litigated by the parties; it therefore constitutes a final order. *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir.1983); *In re Bank of New England Corp.,* 218 B.R. 643, 645 (1st Cir. BAP 1998). This Panel has appellate jurisdiction of this matter pursuant to 28 U.S.C. § 158(b) of the Bankruptcy Code.

### SCOPE OF REVIEW

■ Neither party takes issue with the bankruptcy court's factual findings; therefore, this appeal only presents issues of law. The bankruptcy court's legal conclu-

sions are reviewed *de novo.* *Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26, 30 (1st Cir.1994); *Birch v. Choinski (In re Choinski),* 214 B.R. 515, 518 (1st Cir. BAP 1997).

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

While an employee at St. Vincent DePaul Corporation ("St. Vincent DePaul") in the 1980's, Joseph Bova (the "Debtor") embezzled $104,000 from his employer. He was prosecuted in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, State of Illinois[1] and on May 17, 1993, the Debtor plead guilty to theft[2] and the court placed him on probation[3] for forty-eight months. As part of said sentence, the Illinois state court ordered the Debtor to make restitution to St. Vincent DePaul in the sum of $104,000: $10,000 to be paid within thirty (30) days of the order and the remaining payments to be made at a minimum amount of $5,000 per year. Thereafter, on July 9, 1998, the Illinois state court issued an order terminating the Debtor's probation and finding that the restitution order was unsatisfied in the amount of $69,451 and entering judgment thereon.[4]

The Debtor failed to make further restitution payments from the date that his probation was terminated. Accordingly, St. Vincent DePaul brought suit in the Strafford County Superior Court in Dover, New Hampshire to enforce the balance due on the unsatisfied restitution judgment.[5] On May 15, 2000, the Strafford

---

1. *People of the State of Illinois v. Joseph Bova,* Case No. 92–CF–1374.

2. Theft is a class 1 felony under Illinois law.

3. The Debtor did not serve a prison sentence for this conviction.

4. Since the July 9, 1998 order mistakenly referred to a judgment in favor of "Joliet

Diocese of the Roman Catholic Church," on November 20, 1998, the Illinois court amended this order *nunc pro tunc* to reflect the appropriate beneficiary.

5. *St. Vincent De Paul Corp. v. Joseph Bova,* Case No. 00–C–135 (N.H.Sup.Ct.2001).

County Superior Court granted St. Vincent DePaul's motion for summary judgment awarding judgment in the sum of $69,451, plus costs and interest. On July 25, 2000, the Debtor and his wife, Janet, filed for Chapter 7 bankruptcy in the District of New Hampshire [6] and on October 24, 2000, St. Vincent DePaul filed a Complaint [7] objecting to discharge under Section 523(a)(2) and (a)(4) of the Code. The Debtors converted their case to a Chapter 13 proceeding and thus, the basis of St. Vincent DePaul's objection to discharge was modified from Section 523 to Section 1328(a)(3).

On May 24, 2001, the Debtor moved for summary judgment pursuant to Bankruptcy Rule 7056 and Fed.R.Civ.P. 56 seeking a declaration that his obligation to St. Vincent DePaul was no longer based on a criminal restitution order under Illinois law and, therefore, was dischargeable under Section 1328(a)(3) of the Code. The bankruptcy court entered judgment in favor of St. Vincent DePaul, declaring that the judgment against the Debtor was nondischargeable pursuant to Section 1328(a)(3) of the Code as it was based on a criminal restitution order. Thereafter, the Debtor filed this appeal.

### DISCUSSION

Section 1328(a)(3) of the Code provides, in pertinent part, that "the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—for restitution ... included in a sentence on the debtor's conviction of a crime." 11 U.S.C. § 1328(a)(3). In the case at bar, the Debtor was convicted of a crime and as part of that conviction was sentenced to pay restitution in the amount

of $104,000. Therefore, on the face of these facts it appears that the Debtor's criminal restitution judgment is nondischargeable under Section 1328(a)(3) of the Code.

The Debtor, however, argues that the restitution order does not fall under the parameters of Section 1328(a)(3) because in Illinois there is a five-year statute of limitations on criminal restitution orders and that the subject order expired, transforming the criminal restitution order into a civil judgment which is dischargeable under the Code. The Debtor further argues that St. Vincent DePaul is judicially estopped from asserting that its claim remained a criminal restitution order since it had successfully asserted in a prior proceeding that the restitution order was a civil judgment. These two arguments are addressed in turn below.

### I. STATUTE OF LIMITATIONS AND TRANSFORMATION TO A CIVIL JUDGMENT

The Debtor argues that Illinois has a five-year statute of limitations on criminal restitution orders. He asserts that since the Illinois' criminal restitution order was entered on May 17, 1993, it expired five years thereafter in 1998. Once the five years elapsed, the argument goes, the criminal restitution order was transformed into a civil judgment making his debt to St. Vincent DePaul dischargeable under Section 1328(a)(3).

The Illinois' Unified Code of Corrections (the "Sentencing Statute") allows courts to order restitution of defendants who have been convicted of certain offenses. *See* 730 Ill. Comp. Stat. 5/5–5–6 (2001).[8] In accordance with this statute, the Illinois court ordered the Debtor to

---

6. *In re Bova,* Case No. 00–12127–MWV.

7. Adversary Proceeding No. 00–01137.

8. "In all convictions for offenses in violation of the Criminal Code of 1961 in which the person received any injury to their person or

pay the victim $104,000 in restitution payments. The purpose of restitution orders is "to make victims whole and to make defendants pay any costs incurred as a result of their actions." *People v. Harris,* 319 Ill.App.3d 534, 253 Ill.Dec. 594, 745 N.E.2d 717, 719 (2001) (citing *People v. Strebin,* 209 Ill.App.3d 1078, 154 Ill.Dec. 420, 568 N.E.2d 420 (1991)). Restitution statutes should be broadly construed to effect their remedial purpose. *People v. Fontana,* 251 Ill.App.3d 694, 190 Ill.Dec. 863, 622 N.E.2d 893, 903 (1993).

The restitution section of the Sentencing Statute provides, in relevant part, as follows:

> Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years, not including periods of incarceration, within which payment of restitution is to be paid in full. Complete restitution shall be paid in as short a time as possible. However, if the court deems it necessary and in the best interest of the victim, the court may extend beyond 5 years the period of time within which the payment of restitution is to be paid.

730 Ill. Comp. Stat. 5/5–5–6(f) (2001).

■■■■ In the lower court proceeding, Judge Vaughn ruled that 730 Ill. Comp. Stat. 5/5–5–6(f)(2001):

> damage to their real or personal property as a result of the criminal act of the defendant, the court shall order restitution as provided in this Section. In all other cases, except cases in which restitution is required under this Section, the court must at the sentence hearing determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense. If the court determines that an order directing the offender to make restitution is appropriate, the offender may be sentenced to make restitution."
> 730 Ill. Comp. Stat. 5/5–5–6 (2001).

is not a statute of limitations after which victims cannot collect restitution; but rather is a deadline after which the Court cannot allow a defendant to pay. If a defendant fails to pay, the statute does not prevent collection, it merely prohibits a judge from giving a defendant more than five years after release from incarceration in which to pay.

This Panel agrees with Judge Vaughn's analysis. The five-year period the Debtor refers to is the time within which the court may fix for defendants to make restitution payments; it is not a statute of limitations imposed on the enforcement of restitution orders. Nowhere in the statute does it state that the restitution order evaporates, expires or transforms after five years. Additionally, the restitution section of the Sentencing Statute states that if the court "deems it necessary and in the best interest of the victim, the court may extend beyond five years the period" that restitution is to be made. In the case at bar, the court apparently deemed it necessary to extend the five-year period.[9]

Prior to 1994, there was a split of authority in Illinois on how to apply the five-year provision relating to restitution payments. Some courts held that the five-year period began at the time of sentencing while other courts held that the five-year period began after the defendant's

9. By the terms of the restitution order, the restitution payments could extend beyond five years if the Debtor made the minimum payments. Once the Debtor made the required $10,000 payment toward restitution within 30 days there was a balance of $94,000. If the Debtor opted to make the minimum payment of $5,000 per year, he would be paying the balance of the restitution order over an 18 year period.

release from prison. This disagreement among the courts was put to an end by the Illinois Supreme Court decision of *People v. Brooks*, 158 Ill.2d 260, 198 Ill.Dec. 851, 633 N.E.2d 692 (1994) and by an amendment to the statute. The *Brooks* court held that the five-year time period "need not commence at sentencing" and could be delayed until the defendant got out of prison. *Id.* at 696. Additionally, the restitution statute was amended, effective January 1, 1994, in order to exclude periods of incarceration in the five-year period.

In support of his argument that there is a five-year statute of limitations on restitution orders the Debtor needlessly focuses much of his energy on pre–1994 cases that hold that restitution orders issued while the defendant was incarcerated for over five years exceed the five-year statutory limit within which restitution must be paid and are therefore invalid. *See People v. Lewis*, 228 Ill.App.3d 654, 170 Ill.Dec. 235, 592 N.E.2d 671, 675 (1992) (the court vacated an order of restitution that required payment within two years of release from prison after the defendant served an 18 year sentence because the time frame exceeded the five year provision of the statute); *see also People v. Nixon*, 241 Ill. App.3d 272, 181 Ill.Dec. 822, 608 N.E.2d 1296 (1993) (the court struck down a restitution order that required defendant to pay restitution over two years after serving a 6½ year prison sentence). This line of cases is not applicable to the instant case; unlike the defendants in those cases, the Debtor was never incarcerated for any period of time. Therefore, the issue of when the five-year period begins is not relevant to the case at bar; the five-year period began at the Debtor's sentencing hearing. However, as stated earlier, the five-year period is not a limitations period, but rather a time frame courts must use in setting forth the time period for restitution payments and the court who sentenced the

Debtor found it necessary to extend the five year period. The statute also states that "[t]he restitution order is not discharged by the completion of the sentence imposed for the offense." 730 Ill. Comp. Stat. 5/5-5-6(f)(2001). Accordingly, the restitution order did not expire at the expiration of the five-year period nor once the Debtor's probation was terminated.

The Debtor further argues that restitution orders are like chameleons that change from a criminal to a civil judgment at the expiration of five years. Under Illinois law, a restitution order "is a judgment lien in favor of the victim that: (1) Attaches to the property of the person subject to the order; (2) May be perfected in the same manner as provided in Part 3 of Article 9 of the Uniform Commercial Code; (3) May be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the person's assignee; and (4) Expires in the same manner as a judgment lien created in a civil proceeding." 730 Ill. Comp. Stat. 5/5-5-6(m) (2001). Accordingly, a victim may enforce any balance due under a restitution order by going to civil court and that is precisely what St. Vincent DePaul did in the case at bar.

California has a criminal restitution statute that is similar to the Illinois statute. *See* Cal.Penal Code § 1202.4 (Deering 2001). A California court, construing its criminal restitution statute, held that the restitution statute gives victims of crimes the opportunity to go to civil court in order to enforce the criminal restitution order. *Warfel v. City of Saratoga (In re Warfel)*, 268 B.R. 205, 211 (9th Cir. BAP 2001). That court held that "[t]he debtor's restitution liability remained viable under the Penal Code. The fact that California law allows enforcement of the restitution obli-

gation as a civil judgment did not divest the restitution obligation of its identity as part of the criminal sentence." *Id.* at 210.

Similarly, that Illinois law allows victims to seek civil judgments to enforce restitution orders does not change the criminal origins of the restitution; it is merely a mechanism employed to enforce unsatisfied restitution orders. In the present case, the victim did not institute a separate civil action, but instead exercised its rights under Illinois law to enforce a restitution order. The act of enforcing the criminal restitution order in civil court is merely a continuation of the criminal cause of action and is not a separate civil action.

Adoption of the Debtor's argument creates an unfair result. The Debtor was ordered to make restitution payments to St. Vincent DePaul in the sum of $104,000; $10,000 to be paid within 30 days and a minimum restitution payment of $5,000 per year. Therefore, since the Debtor was authorized to make a minimum restitution payment of $5,000 per year, by the language of the order, there was a great possibility that the Debtor would not pay the restitution within five years. If the Debtor would have filed for bankruptcy prior to the five year period expiring, St. Vincent DePaul's debt would have been nondischargeable by the Debtor's own admissions. But he argues that by delaying bankruptcy for even one day after the five-year period, the restitution balance becomes dischargeable. Neither Congress nor the Illinois legislatures intended this to be the result. Reading the statute the way the Debtor proposes would encourage defendants not to make restitution payments within the first five years after the order takes effect and later file for bankruptcy to obtain discharge of the debt. This result is contrary to the clear language of Section 1328 of the Bankruptcy Code. *In re Bryer,* 227 B.R. 201, 203–204

(Bankr.D.Me.1998) ("There can be no doubt that Congress intended to prevent debtors from discharging criminal restitution obligations in both chapter 7 cases and chapter 13 cases.... The 'debt' created by Restitution Claim arises from a restitution obligation of the Debtor and is therefore nondischargeable.").

Accordingly, this Panel holds that St. Vincent DePaul's resulting civil judgment to enforce the balance owed on its criminal restitution order is nondischargeable under the Code.

## II. JUDICIAL ESTOPPEL

 The Debtor next argues that St. Vincent DePaul is barred by the doctrine of judicial estoppel from claiming that the restitution order is a criminal order since it was successful in the Strafford County Superior Court in enforcing the Illinois order as a civil judgment. "Judicial estoppel assures that '[a] party who has successfully maintained a certain position at a trial cannot in a subsequent trial between the same parties be permitted to assume a position relative to the same subject that is directly contrary to that taken at the first trial.'" *In re Cox,* 247 B.R. 556, 566 (Bankr.D.Mass.2000)(citing *Paixao v. Paixao,* 429 Mass. 307, 309, 708 N.E.2d 91 (1999)); *see also Lydon v. Boston Sand & Gravel Co.,* 175 F.3d 6, 12 (1st Cir.1999). This argument is without merit.

In the state court proceedings the Debtor argued that the Illinois "judgment" upon which the suit was brought was not a final civil judgment but a criminal restitution order that is not entitled to full faith and credit under the United States Constitution. He claimed that the court cannot execute the criminal or penal laws of Illinois. In response to this argument, St. Vincent DePaul argued that a restitution order entered by an Illinois court is a

judgment lien, which may be enforced as any other judgment lien.

This is the identical position St. Vincent DePaul took in the bankruptcy court proceeding. Accordingly, St. Vincent DePaul is not barred by the doctrine of judicial estoppel.

### CONCLUSION

For the foregoing reasons, this Panel affirms the order of the bankruptcy court holding that the debt to St. Vincent DePaul is nondischargeable pursuant to Section 1328(a)(3) of the Bankruptcy Code.