# United States Court of Appeals
## For the First Circuit

No. 02-9004

IN RE: JOSEPH BOVA AND JANET A. BOVA

Debtors.

JOSEPH BOVA,

Plaintiff, Appellant,

v.

ST. VINCENT DE PAUL CORP.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE FIRST CIRCUIT

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Grenville Clark, III for appellant.
Paul A. Rinden for appellee.

April 22, 2003

**HOWARD**, <u>Circuit Judge</u>.  Joseph and Janet A. Bova appeal a decision of the Bankruptcy Appellate Panel for the First Circuit ("BAP") holding that a New Hampshire state court judgment enforcing Joseph Bova's outstanding criminal restitution obligation to the St. Vincent De Paul Corporation was nondischargeable under Section 13 of the Bankruptcy Code.  We agree that Bova's debt is not dischargeable and, accordingly, affirm.

## I.

The facts relevant to our analysis are largely undisputed.  The matter arises from Joseph Bova's embezzlement of $104,000 from his former employer, St. Vincent De Paul, during the 1980s.  The State of Illinois prosecuted Bova in Du Page County Circuit Court, and, on May 17, 1993, Bova pleaded guilty to theft. The sentencing court placed him on probation in lieu of prison and, attendant to his sentence, ordered Bova to pay restitution to St. Vincent De Paul in the amount of $104,000.

Upon completion of Bova's probation term in 1998, the court entered judgment for the outstanding balance on his restitution obligation of $69,451.  Thereafter, Bova ceased making restitution payments.

Confronted with Bova's delinquency, St. Vincent De Paul brought suit against him in New Hampshire Superior Court ("the superior court"), seeking to enforce the Illinois restitution order.  On May 17, 2000, the New Hampshire court allowed St.

Vincent De Paul's motion for summary judgment on the ground that, under Illinois law, St. Vincent De Paul could enforce the criminal restitution order in a civil proceeding. The court awarded St. Vincent De Paul $69,451, plus costs and interest, contingent upon its producing an attested copy of the Illinois judgment.

On July 25, 2000, Bova and his wife filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Hampshire. A short time later, St. Vincent De Paul filed an adversary action in the bankruptcy proceeding, objecting to the discharge of the superior court judgment. In due course, the Bovas moved to convert their case to a Chapter 13 petition, and St. Vincent De Paul amended its complaint to bring its allegation of nondischargeability under the Bankruptcy Code provision appropriate for a Chapter 13 petition, 11 U.S.C. § 1328(a)(3). The statute excepts from discharge debts "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime." Id.

The bankruptcy court subsequently awarded St. Vincent De Paul summary judgment, holding that the debt arising from the restitution obligation was nondischargeable under 11 U.S.C. § 1328. The Bovas appealed this judgment to the BAP, arguing that the Illinois judgment had expired pursuant to an Illinois statute which allegedly established a five-year statute of limitation on criminal restitution orders. Alternatively, the Bovas contended that the

Illinois judgment had, by operation of Illinois law, become civil after five years, and St. Vincent De Paul was barred by judicial estoppel from claiming nondischargeability under § 1328(a)(3), which pertains to criminal judgments, after previously seeking to enforce the Illinois judgment by means of a civil judgment it filed in New Hampshire.

The BAP rejected the Bovas' arguments and held that the New Hampshire state court judgment enforcing the outstanding balance on the criminal restitution order was nondischargeable under § 1328(a)(3). In reaching that conclusion, the BAP rejected the argument that Illinois law contained a five-year statute of limitations for criminal restitution judgments or transformed them into civil judgments after five years. The BAP also rejected the Bovas' judicial estoppel theory, finding no inconsistency in St. Vincent De Paul's pursuit of a civil judgment to secure the unpaid balance on an Illinois restitution order and its claim that the order was nondischargeable. The Bovas then brought the present appeal, in which they reiterate the arguments made below.

**II.**

We start with the Bovas' contention that, under Illinois law, a criminal restitution judgment expires after five years. The statute in question states that a sentencing court "shall fix a period of time *not in excess of 5 years* within which payment of restitution is to be paid in full." 730 Ill. Comp. Stat. 5/5-

5/6(f) (emphasis added). The Bovas posit that this statute has the effect of making Illinois restitution judgments effective as criminal judgments for only five years.

We do not read the statute as setting forth an expiration date for criminal restitution orders. Rather, it acts to ensure that sentencing judges do not set unduly long schedules for satisfying restitution obligations. The Illinois courts have rejected the Bovas' reading of the statute, People v. Harris, 319 Ill. App.3d 534, 536 (2001), and so do we.

The Bovas' alternative argument is that, under Illinois law, Illinois restitution judgments not paid within five years lose their "criminal" characteristics and become enforceable solely as civil judgments. The statute states that "[a] restitution order under this Section is a judgment lien in favor of the victim that . . . [e]xpires in the same manner as a judgment lien created in a civil proceeding." 730 Ill. Comp. Stat. 5/5-5/6(m)(4). The Bovas read this statute as causing restitution judgments to shed their criminal characteristics after five years.[1] Again, their construction of the statute is not persuasive.

While an Illinois restitution judgment operates like a "judgment lien created in a civil proceeding," 730 Ill. Comp. Stat. 5/5-5/6(m)(4), it does not lose its criminal character through the

---

[1] The Bovas contend that once a criminal restitution order "expires" under Illinois law, it remains enforceable as a civil judgment.

passage of time. Indeed, the fact that a restitution order "expires in the *same manner*" as a civil judgment lien suggests that it is <u>not</u> a civil judgment.[2] The statute in question provides for a civil enforcement mechanism designed to <u>assist</u> crime victims in circumstances such as these.[3]

## III.

Bova's restitution obligation to St. Vincent De Paul was part of his criminal sentence. <u>People</u> v. <u>Brooks</u>, 158 Ill.2d 269, 265 (1994) (noting that "under our criminal statutes, restitution is a sentence and a part of the sentencing scheme"). In the New Hampshire Superior Court, St. Vincent De Paul neither pursued a new cause of action nor attempted to litigate the facts underlying the criminal judgment. Rather, it sought only extraterritorial enforcement of an Illinois criminal judgment. Because we find that St. Vincent De Paul sought only to enforce the Illinois restitution

---

[2] There are important differences between a criminal restitution judgment and a civil judgment. Restitution, for example, is only ordered attendant to a determination of guilt. Moreover, sentencing courts have the authority to modify criminal restitution orders. <u>See</u> <u>United States</u> v. <u>Timilty</u>, 148 F.3d 1,4 (1st Cir. 1998) (distinguishing restitution orders from civil judgments).

[3] In other contexts, courts of appeals have held that a statutory civil enforcement provision does not transform a criminal restitution order into a civil judgment. <u>E.g.</u>, <u>Timilty</u>, 148 F.3d at 4; <u>United States</u> v. <u>Dubose</u>, 146 F.3d 1141, 1148 (9th Cir. 1998) (construing Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(b)(1)(B)); <u>United States</u> v. <u>Brown</u>, 744 F.2d 905, 910 (2d. Cir. 1984)(construing Victim Witness and Protection Act, 18 U.S.C. §§ 3579, 3580).

order in its New Hampshire action, we need say nothing further about the Bovas' argument that judicial estoppel bars St. Vincent De Paul from asserting that the order at issue is nondischargeable in bankruptcy.  The BAP therefore properly concluded that the New Hampshire judgment is nondischargeable pursuant to 11 U.S.C. § 1328(a)(3).

**Affirmed.** Costs to appellee.